**Hearing Date: September 15, 2020 at 9:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: September 8, 2020 at 4:00 p.m. (prevailing Eastern Time)**

George P. Angelich
**ARENT FOX LLP**
1301 Avenue of the Americas
Floor 42
New York, NY 10019-6040
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
george.angelich@arentfox.com

M. Douglas Flahaut (admitted *pro hac vice*)
Annie Y. Stoops (admitted *pro hac vice*)
**ARENT FOX LLP**
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 443-7559
douglas.flahaut@arentfox.com
annie.stoops@arentfox.com

*Proposed Counsel for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| NTS W. USA CORP., A DELAWARE CORPORATION, | : | Case No. 20-35769 (CGM) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**NOTICE OF DEBTOR'S MOTION FOR ENTRY OF ORDER**
**(I) AUTHORIZING (A) REJECTION OF A CERTAIN UNEXPIRED**
**LEASE EFFECTIVE AS OF THE REJECTION DATE AND**
**(B) ABANDONMENT OF ANY PERSONAL PROPERTY**
**RELATED THERETO, AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on August 28, 2020, the above-captioned debtor and

debtor in possession, NTS W. USA Corp., a Delaware corporation, doing business as Desigual and

Desigual USA ("DUSA" or "Debtor"), by and through its counsel filed the *Debtor's Motion for*

*Entry of Order (i) Authorizing (a) Rejection of a Certain Unexpired Lease Effective as of the*

*Rejection Date and (b) Abandonment of Any Personal Property Related Thereto, and (ii) Granting*

*Related Relief* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Motion will

be held before The Honorable Cecelia G. Morris, Chief Bankruptcy Judge of the United States

Bankruptcy Court for the Southern District of New York (the "Court"), 355 Main Street, Poughkeepsie, New York 12601-3315, on **September 15, 2020 at 9:00 a.m. (prevailing Eastern Time)**. In accordance with General Order M-543 (General Order M-543 can be found at www.nysb.uscourts.gov, the official website for the Court), dated March 20, 2020, the Hearing will only be conducted telephonically. Any parties wishing to participate in the Hearing must make arrangements through CourtSolutions LLC. Instructions to register for CourtSolutions LLC are attached to General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") to the Motion shall: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, be filed with the Court electronically on the docket of *In re NTS W. USA Corp., a Delaware corporation,* Case No. 20-35769 (CGM) by registered users of the Court's electronic filing system and in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) with a hard copy delivered directly to the Court's chambers or (ii) by all other parties in interest in accordance with the customary practices of the Bankruptcy Court and General Order M-399; and (d) be served so as to be actually received no later than **September 8, 2020 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), by the following parties or their respective counsel: (a) undersigned counsel to the Debtor; (b) the Office of the United States Trustee; (c) the Subchapter V trustee; (d) DUSA's 20 largest unsecured creditors; (e) proposed counsel to any Official Committee formed in this case; (f) any party that requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.

AFDOCS/22804848.1

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/desigual.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Motion, the Debtor shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **<u>Exhibit A</u>** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

*[Remainder of Page Left Intentionally Blank]*

AFDOCS/22804848.1

Dated:    New York, NY
          August 28, 2020

**ARENT FOX LLP**

By:    */s/ George P. Angelich*
     George P. Angelich
     1301 Avenue of the Americas, Floor 42
     New York, New York 10019
     Telephone: (212) 484-3900
     Facsimile: (212) 484-3990
     Email: george.angelich@arentfox.com

     -and-

     M. Douglas Flahaut (admitted *pro hac vice*)
     Annie Y. Stoops (admitted *pro hac vice*)
     Arent Fox LLP
     Gas Company Tower
     555 West Fifth Street, 48th Floor
     Los Angeles, CA 90013
     Telephone: (213) 629-7400
     Facsimile: (213) 629-7401
     Email: douglas.flahaut@arentfox.com
           annie.stoops@arentfox.com

     *Proposed Counsel for the Debtor and Debtor-in-Possession*

4

George P. Angelich
**ARENT FOX LLP**
1301 Avenue of the Americas
Floor 42
New York, NY 10019-6040
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
george.angelich@arentfox.com

M. Douglas Flahaut (admitted *pro hac vice*)
Annie Y. Stoops (admitted *pro hac vice*)
**ARENT FOX LLP**
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 443-7559
douglas.flahaut@arentfox.com
annie.stoops@arentfox.com

*Proposed Counsel for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NTS W. USA CORP., A DELAWARE CORPORATION, | : Case No. 20-35769 (CGM) |
| | : |
| Debtor. | : |

**DEBTOR'S MOTION FOR ENTRY OF ORDER
(I) AUTHORIZING (A) REJECTION OF A CERTAIN UNEXPIRED
LEASE EFFECTIVE AS OF THE REJECTION DATE AND
(B) ABANDONMENT OF ANY PERSONAL PROPERTY
RELATED THERETO, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession, NTS W. USA Corp., doing business as Desigual and Desigual USA ("DUSA" or "Debtor"), by and through counsel, hereby files this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") (a) authorizing DUSA to reject the unexpired lease for nonresidential real property, located at 1330 Broadway, a/k/a 76 West 35th Street, a/k/a 958 Sixth Avenue, New York, New York, (b) authorizing the abandonment of any personal property related thereto, and (c) granting related relief. In support of this Motion, DUSA relies upon and

incorporates by reference the *Declaration of Brian Ryniker in Support of Emergency "First Day"*

*Motions* (the "Ryniker Declaration") [Docket No. 15] and respectfully states as follows:

## BACKGROUND

1.      On July 22, 2020 ("Petition Date"), DUSA filed a petition for chapter 11 bankruptcy

relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").  DUSA is authorized to continue to operate its business and manage its properties as debtor

in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  Other than the Subchapter V trustee, no

trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

2.      On August 11, 2020, DUSA filed an omnibus motion to reject eleven (11) unexpired

leases for its retail stores [Docket No. 49].  On August 26, 2020, the Court held a hearing on the

omnibus motion and granted the relief requested therein.[1]

3.      Additional factual background regarding DUSA, including its business operations,

capital and debt structure, and the events leading to the filing of this chapter 11 case, is set forth in

more detail in the Ryniker Declaration.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are

sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Rules 6006, 6007 and 9014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6006-1  and 6007-1

of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

---

[1] DUSA stipulated to reject five (5) leases with the landlord, Simon Property Group, L.P.  The stipulation was filed on August 19, 2020 [Docket No. 56] and approved by Court on August 21, 2020 [Docket No. 61].

AFDOCS/22802446.1

**RELIEF REQUESTED**

5.       DUSA seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing DUSA to reject the unexpired lease of real property, located at 1330 Broadway, a/k/a 76 West 35th Street, a/k/a 958 Sixth Avenue, New York, New York (the "Premises"), including any guaranties thereof and any amendments modifications, or subleases thereto (collectively, the "Lease") and (b) authorizing the abandonment of certain personal property that may be located at the Premises (collectively, the "Personal Property"), each of the foregoing (a) and (b) to be effective as of the date DUSA has surrendered the Premises to the lessor, 958 Avenue of the Americas, LLC ("Landlord"), via the delivery of the keys, key codes, and/or alarm codes to the Premises, as applicable, or, alternatively, by providing notice that the Landlord may re-let the Premises (the "Rejection Date").

**THE LEASE**

6.       Prior to the COVID-19 pandemic and the resulting government shutdown orders, DUSA operated a retail store, stored inventory and maintained a corporate office at the Premises that is the subject of the Lease.  As discussed at length in the Ryniker Declaration, in or around March 2020, certain states, cities, and municipalities throughout the United States required retail stores to close indefinitely as part of lockdown or shelter-in-place orders.  As a result, each of DUSA's retail stores, including the Premises, were closed to retail foot traffic beginning in March 2020.  *Ryniker Decl.* ¶17-24.  While certain of DUSA's stores were temporarily re-opened upon the lifting of the applicable government shutdown order, all such stores were re-closed prior to the Petition Date and, as of today, all of DUSA's stores remain closed.

7.       Due to the losses DUSA continues to sustain, DUSA, in consultation with its advisors, has determined that permanently closing certain unprofitable stores is necessary to its viability.  In 2019, DUSA's retail stores produced negative EBITDA of approximately $1.978

3

million in the aggregate, of which the Lease accounted for negative EBITDA of approximately $654,000. In addition, DUSA's aggregate annual rent exceeded $6.4 million, of which the annual rent for the Lease comprise approximately $716,000. Given that the Lease expires in September 2025, keeping the Premises open would cost DUSA significant lease expense over the full life of the lease. By contrast, DUSA's rejection of the Lease will substantially reduce its annual operating losses. *Ryniker Decl.* ¶ 22.

8.      After ceasing all brick-and-mortar retail operations, DUSA was faced with mounting rent obligations and, prior to the Petition Date, began efforts to negotiate with its landlords for abatements, concessions, and improved lease terms to bridge the crisis. Unfortunately, DUSA has had little success in getting the Landlord to recognize the new and unfortunate reality that DUSA cannot afford to pay pre-COVID-19 rent.

9.      Without landlord cooperation and adequate rent abatement and reduction, DUSA is left with few practical alternatives other than to reject the burdensome leases, and if necessary, cease retail operations altogether. *Id.* ¶¶ 23-24. Accordingly, and after careful review in consultation with its advisors, DUSA has determined in its business judgment that, absent sufficient rent concessions from the Landlord, the Lease is unnecessary to the continued operation of DUSA's business, has no value to DUSA's estate, and should be rejected. In considering DUSA's options with respect to the Lease, DUSA and the proposed Chief Restructuring Offer believe there remains no other viable possibility other than rejection of the Lease for which DUSA is unable to negotiate sufficient concessions in advance of the hearing on this Motion. Moreover, DUSA, in consultation with its advisors, has determined that the Lease has no marketable value beneficial to DUSA's estate.

10.     Through the rejection, DUSA will be relieved from paying rent, as well as other costs, including taxes, utilities, insurance, operating expenses, and other related charges associated

4

with the Lease.  By rejecting the Lease, DUSA will avoid incurring unnecessary administrative charges that provide no tangible benefit to DUSA's estate.  The resulting savings from the rejection of the Lease will increase DUSA's future cash flow and allow DUSA to utilize such funds in connection with its more profitable wholesale and ecommerce channels.

11.    DUSA has likewise determined that the abandonment of the Personal Property is appropriate because such property is of inconsequential value and/or the cost of removing and storing such property exceeds its value to DUSA's estate.  Moreover, DUSA believes that the Personal Property is no longer necessary for the operation of the DUSA's business.

12.    Furthermore, rejection and termination of the Lease as of the Rejection Date is necessary and justified under the circumstances.  DUSA and its personnel are in the process of moving out and surrendering the Premises to the Landlord.

## BASIS FOR RELIEF

### I.    Rejection of the Lease Reflects DUSA's Sound Business Judgment.

13.    Section 365(a) of the Bankruptcy Code provides that with the court's approval, a debtor in possession may reject any executory contract or unexpired lease of the debtor.  *See also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984).  The purpose behind allowing assumption and rejection under section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property."  *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51-52 (Bankr. S.D.N.Y. 2004) ("The ability to reject provides the trustee or debtor-in-possession with the means to relieve the estate of the duty to perform on burdensome obligations at the expense of all of the estate's other creditors, and to avoid the incurrence of additional administrative expenses which lack a corresponding benefit to the estate.").

5

14.    Courts will typically "approve motions to . . . reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment." *Republic Airways,* 547 B.R. at 582 (quoting *In re MF Global Holdings Ltd.,* 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012)). *See also NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 523 (1984) (recognizing the business judgment standard used to approve rejection of executory contracts or unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.),* 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts). Courts defer to a debtor's business judgment in rejecting an unexpired lease, and they generally will not second-guess a debtor's business judgment concerning assumption or rejection. *See In re MF Global Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *In re Balco Equities Ltd., Inc.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005).

15.    Here, rejection of the Lease is well within DUSA's business judgment and is in the best interest of its estate.  As more fully explained above and in the Ryniker Declaration, DUSA seeks rejection of the Lease due to its negative effects on profitability, the impact of the COVID-19 pandemic on brick-and-mortar retail and the future prospects for the same, and the refusal of the Landlord to provide rent abatements or other meaningful concessions.  Accordingly, DUSA seeks to reject the Lease to avoid the incurrence of any additional, unnecessary expenses related to the Lease and maintaining the retail operations at the Premises.  Unless rejection is authorized, the Lease will continue to burden DUSA's estate with substantial administrative expenses without any corresponding increase in revenue.  Rejecting the Lease will help ease DUSA' cash burn and increase liquidity – all of which will facilitate DUSA's efforts to reorganize around its wholesale and ecommerce operations as well as certain retail location(s), if possible, that benefit DUSA's overall business operations.

AFDOCS/22802446.1

16.    Moreover, DUSA and its advisors have determined that there is no net benefit that is likely to be realized from efforts to market the Lease, and that there is little if any likelihood that DUSA will be able to realize value from the Lease.  Accordingly, DUSA respectfully requests that the Court authorize the rejection of the Lease pursuant to section 365(a) of the Bankruptcy Code.

## II.    Rejection of the Lease as of the Rejection Date Is Appropriate.

17.    DUSA respectfully submits rejection of the Leases effective as of the Rejection Date is appropriate.  While section 365 of the Bankruptcy Code does not address whether the Court may order retroactive rejection, courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of the equities favors such relief.  *See, e.g.*, *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re Thinking Machines Corp.*, 67 F.3d 1021, 1029 (1st Cir. 1995) ("[T]he approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively.")

18.    In considering whether to approve retroactive rejection, courts examine a number of factors, including the costs that a delayed rejection date would otherwise impose on a debtor. *See In re Jamesway Corp.*, 179 B.R. 33, 38 (S.D.N.Y. 1995).  Courts also consider whether a debtor has provided sufficient notice of its intent to reject an unexpired lease of real property. *See, e.g., In re GCP CT School Acquisition LLC,* 429 B.R. 817, 832–32 (B.A.P. 1st Cir. 2010) (finding sale and settlement motions, in the aggregate, provided landlord with sufficient and reasonable notice that chapter 7 trustee intended to reject unexpired real property lease, and that the court had basis to exercise its equitable powers to order rejection to operate retroactively). A debtor's timely surrender of leased premises weights in favor of retroactive rejection because it enables a landlord

7

to seek a new tenant in an expeditious manner.  *See, In re Adelphia Bus. Solutions*, 482 F.3d 602, 608-09 (2d Cir. 2007) ("The Bankruptcy Court also properly considered that [the debtor] had vacated the premises and thereby provided [the landlord] with the opportunity to lease the premises to another tenant.").

19.     Here, the balance of the equities favors approval of retroactive rejection of the Lease to the date of surrender of the Premises, which may occur prior to entry of an order approving this Motion.  Retroactive rejection effective as of the Rejection Date will benefit DUSA's estate and creditors by cutting off DUSA's lease expense immediately upon surrender.  The Landlord, on the other hand, will not be unduly prejudiced if rejection is deemed effective as of the Rejection Date because it will have received notice of the motion and had sufficient opportunity to act accordingly.  Indeed, the Landlord has known for months that DUSA was having difficulty making rent payments and may be forced to cease operations on such Premises entirely.  DUSA is prepared to work consensually with the Landlord to accomplish an orderly surrender of the Premises.  At that time, the Landlord may repossess and re-let the Premises.  Any postponement of the effective date of rejection of the Lease would require DUSA to compensate the Landlord, at the expense of its estate, and force DUSA to incur unnecessary administrative expenses for the Lease, which otherwise provides no tangible benefit to its estate.

20.     Permitting rejection to occur as of the Rejection Date is consistent with prior rulings in this and other jurisdictions.  *See, e.g., In re Barneys New York, Inc.,* Case No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 4, 2019) [Docket No. 216] (approving retroactive rejection of unexpired leases); *In re Glansaol Holdings Inc.*, Case No. 18-14102 (MEW) (Bankr. S.D.N.Y. February 28, 2019) [Docket No. 222] (approving rejection of unexpired leases and executory contracts effective as of the date of the rejection motion); *In re Sears Holdings Corporation*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 19, 2018) [Docket No. 810] (authorizing retroactive rejection of

leases); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. May 16, 2018)

[Docket No. 256] (authorizing retroactive rejection of unexpired lease).

### III.    Section 554(a) of the Bankruptcy Code Authorizes the Abandonment of Personal Property Located at the Premises.

21.    Section 554(a) provides that a debtor in possession may abandon, subject to court

approval, "property of the estate that . . . is of inconsequential value and benefit to the estate."  11

U.S.C. § 554(a).  Before authorizing abandonment of property, a bankruptcy court must find either:

(i) the property is burdensome to the estate or (ii) the property is both of inconsequential value and

inconsequential benefit to the estate.  *See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*,

474 U.S. 494, 497 (1986), *reh'g denied*, 475 U.S. 1091 (1986); *In re Texaco, Inc.*, 90 B.R. 38, 44

(S.D.N.Y. 1988); *In re Crowthers McCall Pattern, Inc.*, 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y.

1990).

22.    DUSA respectfully submits its request for authority to abandon the Personal

Property satisfies the standard set forth in section 554(a).  DUSA intends to transition inventory

out of the abandoned Premises to be sold through other retail channels and otherwise maximize the

value of its assets.  The Personal Property proposed to be abandoned consists of certain assets of

*de minimis* value such as fixtures, furniture, advertising displays, and other office and store

equipment that is (a) of no value or benefit to DUSA's estate and/or (b) burdensome insofar as the

costs of removal and storage of such property is likely to exceed the net proceeds realizable from

their sale.[2]  Accordingly, DUSA has determined in the exercise of its sound business judgment that

the abandonment of any Personal Property will be in the best interest of DUSA's estate and

---

[2] Local Rule 6007-1 requires that notice of a proposed abandonment describe the property to be abandoned, state the reason for the proposed abandonment, and identify the entity to whom the property is proposed to be abandoned, unless the Court orders otherwise. DUSA submits that given the description of the Personal Property provided herein and the *de minimis* nature of such property, the requirements of the Local Rules have been satisfied. Alternatively, to the extent the Court finds such information does not meet the requirements of Local Rule 6007-1, DUSA respectfully requests that the Court waive such requirements with respect to this Motion.

9

creditors.  DUSA further requests that the Landlord be authorized to dispose of any abandoned Personal Property without further notice or liability to DUSA any third parties.

## BANKRUPTCY RULE 6006 IS SATISFIED

23.     Bankruptcy Rule 6006(a) provides that a "proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014."  In turn, Bankruptcy Rule 9014(a) states that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  Bankruptcy Rule 6006(c) provides that notice of the motion shall be given to "the other party to the contract or lease, to other parties in interest as the court may direct, and . . . to the United States trustee."

24.     This motion and the notice provided to the Landlord as the counterparty to the Lease and other parties in interest are sufficient under Bankruptcy Rule 6006.  To the extent this motion does not comply with Bankruptcy Rule 6006, DUSA respectfully requests a waiver.

## REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(A) AND 6004(H)

25.     In light of the foregoing, DUSA respectfully requests that the court enter an order finding that notice has been sufficient under Rule 6004(a), and waiving the 14-day stay imposed by Rule 6004(h).  A sufficient business need to close a transaction within the 14–day period is cause to waive the stay under Rule 6004(h).  *In re Borders Grp., Inc.*, 453 B.R. 477, 486 (Bankr. S.D.N.Y. 2011).

## RESERVATION OF RIGHTS

26.     Nothing in this Motion should be construed as (a) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on DUSA's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law, (b) a promise to pay any claim or other obligation, (c) granting

10

third-party-beneficiary status or bestowing any additional rights on any third party, (d) being otherwise enforceable by any third-party, or (e) otherwise prejudicial to DUSA's rights to contest any amounts owed in connection with the obligations discussed herein.

## MOTION PRACTICE

27.    This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, DUSA submits that this motion satisfies Local Rule 9013-1(a).

## NOTICE

28.    Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) the Subchapter V trustee; (c) DUSA's 20 largest unsecured creditors; and (d) the Landlord.  DUSA respectfully submits that notice has been adequate for the relief requested.

## NO PRIOR REQUEST

29.    DUSA has not made any prior request to this or to any other court for the relief sought herein.

*[continued on following page]*

AFDOCS/22802446.1

## CONCLUSION

WHEREFORE, DUSA respectfully requests that the Court grant the relief requested herein, substantially in the form of **Exhibit A**, and such other and further relief as is just and appropriate.

Dated:    New York, NY                          **ARENT FOX LLP**
          August 28, 2020

                                                By:    */s/ George P. Angelich*
                                                       George P. Angelich
                                                       1301 Avenue of the Americas, Floor 42
                                                       New York, New York 10019
                                                       Telephone: (212) 484-3900
                                                       Facsimile: (212) 484-3990
                                                       Email: george.angelich@arentfox.com

                                                       -and-

                                                       M. Douglas Flahaut (*admitted pro hac vice*)
                                                       Annie Y. Stoops (*admitted pro hac vice*)
                                                       Arent Fox LLP
                                                       Gas Company Tower
                                                       555 West Fifth Street, 48th Floor
                                                       Los Angeles, CA 90013
                                                       Telephone: (213) 629-7400
                                                       Facsimile: (213) 629-7401
                                                       Email: douglas.flahaut@arentfox.com
                                                              annie.stoops@arentfox.com

                                                *Proposed Counsel for the Debtor and Debtor-in-Possession*

AFDOCS/22802446.1