**Hearing Date: September 15, 2020 at 9:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: September 8, 2020 at 4:00 p.m. (prevailing Eastern Time)**

George P. Angelich
**ARENT FOX LLP**
1301 Avenue of the Americas
Floor 42
New York, NY 10019-6040
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
george.angelich@arentfox.com

M. Douglas Flahaut (admitted *pro hac vice*)
Annie Y. Stoops (admitted *pro hac vice*)
**ARENT FOX LLP**
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 443-7559
douglas.flahaut@arentfox.com
annie.stoops@arentfox.com

*Proposed Counsel for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NTS W. USA CORP., A DELAWARE CORPORATION, | Case No. 20-35769 (CGM) |
| Debtor. | |

**NOTICE OF DEBTOR'S OMNIBUS MOTION FOR ENTRY OF ORDER**
**(I) AUTHORIZING REJECTION OF CERTAIN**
**EXECUTORY CONTRACTS EFFECTIVE AS OF THE REJECTION DATE**
**AND (II) GRANTING RELATED RELIEF**

---

**CONTRACT COUNTERPARTIES RECEIVING THIS MOTION**
**SHOULD LOCATE THEIR NAME AND CONTRACT ON THE**
**ATTACHED SCHEDULE 1 TO EXHIBIT A TO DETERMINE IF**
**THIS MOTION AFFECTS THEIR CONTRACT OR RIGHTS THEREUNDER**

---

**PLEASE TAKE NOTICE** that on August 28, 2020, the above-captioned debtor and debtor in possession, NTS W. USA Corp., a Delaware corporation, doing business as Desigual and Desigual USA ("DUSA" or "Debtor"), by and through its counsel filed the *Debtor's Omnibus Motion for Entry of Order (i) Authorizing Rejection of Certain Executory Contracts Effective as of the Rejection Date and (ii) Granting Related Relief* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Motion will be held before The Honorable Cecelia G. Morris, Chief Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York (the "Court"), 355 Main Street, Poughkeepsie, New York 12601-3315, on **September 15, 2020 at 9:00 a.m. (prevailing Eastern Time)**. In accordance with General Order M-543 (General Order M-543 can be found at www.nysb.uscourts.gov, the official website for the Court), dated March 20, 2020, the Hearing will only be conducted telephonically. Any parties wishing to participate in the Hearing must make arrangements through CourtSolutions LLC. Instructions to register for CourtSolutions LLC are attached to General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") to the Motion shall: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, be filed with the Court electronically on the docket of *In re NTS W. USA Corp., a Delaware corporation,* Case No. 20-35769 (CGM) by registered users of the Court's electronic filing system and in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) with a hard copy delivered directly to the Court's chambers or (ii) by all other parties in interest in accordance with the customary practices of the Bankruptcy Court and General Order M-399; and (d) be served so as to be actually received no later than **September 8, 2020 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), by the following parties or their respective counsel: (a) undersigned counsel to the Debtor; (b) the Office of the United States Trustee; (c) the Subchapter V trustee; (d) DUSA's 20

2

largest unsecured creditors; (e) proposed counsel to any Official Committee formed in this case; (f) any party that requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/desigual.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Motion, the Debtor shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **<u>Exhibit A</u>** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.


*[Remainder of Page Left Intentionally Blank]*

AFDOCS/22805102.1

Dated:  New York, NY
August 28, 2020

**ARENT FOX LLP**

By:  */s/ George P. Angelich*
George P. Angelich
1301 Avenue of the Americas, Floor 42
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: george.angelich@arentfox.com

-and-

M. Douglas Flahaut (admitted *pro hac vice*)
Annie Y. Stoops (admitted *pro hac vice*)
Arent Fox LLP
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: (213) 629-7401
Email: douglas.flahaut@arentfox.com
annie.stoops@arentfox.com

*Proposed Counsel for the Debtor and Debtor-in-Possession*

4

George P. Angelich
**ARENT FOX LLP**
1301 Avenue of the Americas
Floor 42
New York, NY 10019-6040
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
george.angelich@arentfox.com

M. Douglas Flahaut (admitted *pro hac vice*)
Annie Y. Stoops (admitted *pro hac vice*)
**ARENT FOX LLP**
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 443-7559
douglas.flahaut@arentfox.com
annie.stoops@arentfox.com

*Proposed Counsel for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NTS W. USA CORP., A DELAWARE CORPORATION, | Case No. 20-35769 (CGM) |
| Debtor. | |

## DEBTOR'S OMNIBUS MOTION FOR ENTRY OF ORDER (I) AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE REJECTION DATE AND (II) GRANTING RELATED RELIEF

> **CONTRACT COUNTERPARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAME AND CONTRACT ON THE ATTACHED <u>SCHEDULE 1</u> TO <u>EXHIBIT A</u> TO DETERMINE IF THIS MOTION AFFECTS THEIR CONTRACT OR RIGHTS THEREUNDER**

The above-captioned debtor and debtor in possession, NTS W. USA Corp., doing business as Desigual and Desigual USA ("<u>DUSA</u>" or "<u>Debtor</u>"), by and through counsel, hereby files this motion (the "<u>Motion</u>") seeking entry of an order substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>") (a) authorizing DUSA to reject certain executory contracts, and (b) granting related relief. In support of this Motion DUSA relies upon and incorporates by

reference the *Declaration of Brian Ryniker in Support of Emergency "First Day" Motions* (the

"Ryniker Declaration") [Docket No. 15] and respectfully states as follows:

## BACKGROUND

1.      On July 22, 2020 ("Petition Date"), DUSA filed a petition for chapter 11 bankruptcy

relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").  DUSA is authorized to continue to operate its business and manage its properties as debtor

in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  No trustee, examiner, or statutory

committee of creditors has been appointed in this chapter 11 case.

2.      Additional factual background regarding DUSA, including its business operations,

capital and debt structure, and the events leading to the filing of this chapter 11 case, is set forth in

more detail in the Ryniker Declaration.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are

sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Rules 6006, 6007 and 9014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6006-1  and 6007-1

of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## RELIEF REQUESTED

4.      DUSA seeks entry of an order, substantially in the form attached hereto as **Exhibit**

**A**, (a) authorizing DUSA to reject certain executory contracts (collectively, the "Contracts")

AFDOCS/22798197.1

identified on **Schedule 1**[1] to **Exhibit A** attached hereto as of the Rejection Date set forth herein, and (b) granting related relief.

## THE CONTRACTS

5.      DUSA is party to a number of Contracts, which include agreements with vendors for the supply of goods and services, and other contracts related to DUSA's business, particularly its retail operations.

6.      Due to the losses DUSA continues to sustain as a result of the devastating impact COVID-19 pandemic has had on its sales and operations, DUSA, in consultation with its advisors, has determined that the continuation of the Contracts will not benefit the Debtor's estate.  After ceasing all brick-and-mortar retail operations, the goods and services subject to the Contracts are no longer needed for the Debtor's operations.  Such that assuming the Contracts would cost DUSA great expense for little to no benefit in return.  By contrast, DUSA's rejection of the Contracts will substantially reduce its annual operating losses.

7.      Accordingly, and after careful review in consultation with its advisors, DUSA has determined in its business judgment that the Contracts are unnecessary to the continued operation of DUSA's business, have no value to DUSA's estate, and should be rejected.  In considering DUSA's options with respect to the Contracts, DUSA and the proposed Chief Restructuring Offer believe there remains no other viable possibility other than rejection of the Contracts.

8.      Through the rejection, DUSA will be relieved from paying for certain goods and services that are no longer necessary for its business operations.  By rejecting the Contracts, DUSA will avoid incurring unnecessary administrative charges that provide no tangible benefit to DUSA's estate.  The resulting savings from the rejection of the Contracts will increase DUSA's future cash

---

[1] DUSA reserves the right to remove any Contract from Schedule 1 at any time prior to entry of an order approving this Motion.

3

flow and allow DUSA to utilize such funds in connection with its more profitable wholesale and ecommerce channels.

## **BASIS FOR RELIEF**

### I.    **Rejection of the Contracts Reflects DUSA's Sound Business Judgment.**

9.    Section 365(a) of the Bankruptcy Code provides that with the court's approval, a debtor in possession may reject any executory contract or unexpired lease of the debtor.  *See also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984).  The purpose behind allowing assumption and rejection under section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51-52 (Bankr. S.D.N.Y. 2004) ("The ability to reject provides the trustee or debtor-in-possession with the means to relieve the estate of the duty to perform on burdensome obligations at the expense of all of the estate's other creditors, and to avoid the incurrence of additional administrative expenses which lack a corresponding benefit to the estate.").

10.    Courts will typically "approve motions to . . . reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment." *Republic Airways,* 547 B.R. at 582 (quoting *In re MF Global Holdings Ltd.,* 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012)). *See also NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 523 (1984) (recognizing the business judgment standard used to approve rejection of executory contracts or unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.),* 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts). Courts defer to a debtor's business judgment in rejecting an unexpired lease, and they generally will not second-guess a

4

debtor's business judgment concerning assumption or rejection. *See In re MF Global Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *In re Balco Equities Ltd., Inc.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005).

11.     Here, rejection of the Contracts is well within DUSA's business judgment and is in the best interest of its estate.  As more fully explained above and in the Ryniker Declaration, in the wake of the COVID-19 pandemic, DUSA was forced to close its store fronts, cease retail operations, and work towards reorganizing its operations around its wholesale and e-commerce sale channels.  Consequently, the goods and services subject to the Contracts are no longer beneficial to DUSA's current operations.  DUSA seeks to reject the Contracts to avoid the incurrence of any additional, unnecessary expenses related to the Contracts.  Unless rejection is authorized, the Contracts will continue to burden DUSA's estate with substantial administrative expenses without any corresponding increase in revenue.  Rejecting the Contracts will help ease DUSA' cash burn and increase liquidity – all of which will facilitate DUSA's efforts to reorganize around its wholesale and ecommerce operations as well as certain retail location(s) that benefit DUSA's overall business operations.  Accordingly, DUSA respectfully requests that the Court authorize the rejection of the Contracts pursuant to section 365(a) of the Bankruptcy Code.

## II.     Rejection of the Contracts as of the Rejection Date is Appropriate.

12.     DUSA respectfully submits rejection of the Contracts effective as of the Rejection Date is appropriate.  While section 365 of the Bankruptcy Code does not address whether the Court may order retroactive rejection, courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of the equities favors such relief.  *See*, *e.g.*, *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of

5

the equities favors this solution."); *see also In re Thinking Machines Corp.*, 67 F.3d 1021, 1029 (1st Cir. 1995) ("[T]he approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively."). In considering whether to approve retroactive rejection, courts examine a number of factors, including the costs that a delayed rejection date would otherwise impose on a debtor. *See In re Jamesway Corp.*, 179 B.R. 33, 38 (S.D.N.Y. 1995).

13.      Here, the balance of the equities favors approval of retroactive rejection of the Contracts to the dates identified in **Schedule 1**. After assessing the viability of its retail operations following the onset of the COVID-19 pandemic, DUSA, in consultation with its advisors, decided to permanently close certain retail stores. The closing of these stores has made the goods and services provided under the Contracts unnecessary and burdensome to DUSA's continuing operations and efforts to reorganize around its wholesale and e-commerce divisions. Retroactive rejection effective as of the Rejection Date will benefit DUSA's estate and creditors by cutting off DUSA's obligations to pay for goods and services that it no longer needs to operate as a going concern.

14.      While retroactive rejection of the Contracts serves to save DUSA from incurring unnecessary administrative expenses that will hinder its efforts to reorganize, the counterparties to the Contracts, on the other hand, will not be unduly prejudiced if rejection is deemed effective as of the Rejection Date because they will have received notice of the motion and have sufficient opportunity to act accordingly. Any postponement of the effective date of rejection of the Contracts would require DUSA to compensate the counterparties, at the expense of its estate, and force DUSA to incur unnecessary administrative expenses for goods and services that it no longer needs to sustain its current operations and provide no tangible benefit to its estate.

15.      Permitting rejection to occur as of the Rejection Date is consistent with prior rulings in this and other jurisdictions. *See, e.g., In re Barneys New York, Inc.,* Case No. 19-36300 (CGM)

(Bankr. S.D.N.Y. Sept. 4, 2019) [Docket No. 216] (approving retroactive rejection of unexpired leases); *In re Glansaol Holdings Inc.*, Case No. 18-14102 (MEW) (Bankr. S.D.N.Y. February 28, 2019) [Docket No. 222] (approving rejection of unexpired leases and executory contracts effective as of the date of the rejection motion); *In re Sears Holdings Corporation*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 19, 2018) [Docket No. 810] (authorizing retroactive rejection of leases)*; In re Nine West Holdings, Inc.,* Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. May 16, 2018) [Docket No. 256] (authorizing retroactive rejection of unexpired lease).

## **BANKRUPTCY RULE 6006 IS SATISFIED**

16.    Bankruptcy Rule 6006(a) provides that a "proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." In turn, Bankruptcy Rule 9014(a) states that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Further, Bankruptcy Rule 6006(e) allows a debtor to consolidate, in a single motion, requests for the authority to reject multiple executory contracts or unexpired leases that are among different parties, subject to Bankruptcy Rule 6006(f). Bankruptcy Rule 6006(f) requires, in part, that such omnibus motion must:  (a) "state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;" (b) "list parties alphabetically and identify the corresponding contract or lease;" (c) "be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases;" and (d) "be limited to no more than 100 executory contracts or unexpired leases."

17.    DUSA has provided a conspicuous notice that includes the parties' names and Contracts, the counterparties to the Contracts, and identifies the Contracts to be rejected. This motion and the notice provided to the counterparties and other parties in interest are thus sufficient

AFDOCS/22798197.1

under Bankruptcy Rule 6006.  To the extent this motion does not comply with Bankruptcy Rule 6006, DUSA respectfully requests a waiver.

### REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(A) AND 6004(H)

18.    In light of the foregoing, DUSA respectfully requests that the court enter an order finding that notice has been sufficient under Rule 6004(a), and waiving the 14-day stay imposed by Rule 6004(h).  A sufficient business need to close a transaction within the 14–day period is cause to waive the stay under Rule 6004(h).  *In re Borders Grp., Inc.*, 453 B.R. 477, 486 (Bankr. S.D.N.Y. 2011).

### RESERVATION OF RIGHTS

19.    Nothing in this Motion should be construed as (a) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on DUSA's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law, (b) a promise to pay any claim or other obligation, (c) granting third-party-beneficiary status or bestowing any additional rights on any third party, (d) being otherwise enforceable by any third-party, or (e) otherwise prejudicial to DUSA's rights to contest any amounts owed in connection with the obligations discussed herein.

### MOTION PRACTICE

20.    This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, DUSA submits that this motion satisfies Local Rule 9013-1(a).

### NOTICE

21.    Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) the Subchapter V trustee; (c) DUSA's 20 largest unsecured creditors; and (d) all

AFDOCS/22798197.1

counterparties under the Contracts identified in **Schedule 1**. DUSA respectfully submits that notice has been adequate for the relief requested.

## NO PRIOR REQUEST

22.     DUSA has not made any prior request to this or to any other court for the relief sought herein.

## CONCLUSION

WHEREFORE, DUSA respectfully requests that the Court grant the relief requested herein, substantially in the form of **Exhibit A**, and such other and further relief as is just and appropriate.

Dated:    New York, NY
            August 28, 2020

**ARENT FOX LLP**

By:     /s/ George P. Angelich
        George P. Angelich
        1301 Avenue of the Americas, Floor 42
        New York, New York 10019
        Telephone: (212) 484-3900
        Facsimile: (212) 484-3990
        Email: george.angelich@arentfox.com

        -and-

        M. Douglas Flahaut (*admitted pro hac vice*)
        Annie Y. Stoops (*admitted pro hac vice*)
        Arent Fox LLP
        Gas Company Tower
        555 West Fifth Street, 48th Floor
        Los Angeles, CA 90013
        Telephone: (213) 629-7400
        Facsimile: (213) 629-7401
        Email: douglas.flahaut@arentfox.com
                    annie.stoops@arentfox.com

        *Proposed Counsel for the Debtor and Debtor-in-Possession*

9