UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | : |
|  | : Chapter 11 |
| NTS W. USA CORP., A DELAWARE CORPORATION, | : Case No. 20-35769 (CGM) |
|  | : |
| Debtor. | : |

### NOTICE OF HEARING TO CONSIDER PLAN CONFIRMATION

**To: All holders of Claims and Equity Interests**
**All other parties in interest**

PLEASE TAKE NOTICE that:

1. On September 15, 2020, the United States Bankruptcy Court for the Southern District of New York (the "Court") conducted an initial status conference in the above-captioned case, during which the Court scheduled a hearing (the "Confirmation Hearing") to consider confirmation of the Debtor's proposed chapter 11 plan (as amended, supplemented, or modified from time to time, the "Plan") and approved dates, procedures, and forms applicable to the process of soliciting and tabulating votes on the Plan (the "Solicitation and Voting Procedures") as set forth below. **The following notice contains important deadlines for creditors to indicate whether they support or oppose the terms of the Plan.**

2. Voting Deadline. The deadline for voting on the Plan is **October 24, 2020**. If you received a Ballot and intend to vote on the Plan you must: (a) follow the instructions carefully; (b) complete all of the required information on the Ballot; and (c) execute and return your completed Ballot by mail or email to the following address:

> Arent Fox LLP
> Attn: M. Douglas Flahaut
> 555 W. Fifth Street, 48th Floor
> Los Angeles, CA 90013
> douglas.flahaut@arentfox.com

Ballots must actually be received by counsel for the Debtor on or before the Voting Deadline. Failure to submit your Ballot by the Voting Deadline may result in the disqualification of your Ballot and your vote.

3. Objection Deadline. The Court has established **October 21, 2020** as the deadline to object to confirmation of the Plan. Any objection must be in writing and state with particularity the legal and factual bases therefor and be filed with the Court and served on counsel for the Debtor

by the foreoging deadline. Any objections not timely filed by the Objection Deadline shall not be considered and shall be deemed overruled.

4. <u>Confirmation Hearing</u>. The Confirmation Hearing will be held on **November 4, 2020** at **11:00 a.m.** (Eastern Time) before the Honorable Cecelia G. Morris, United States Bankruptcy Judge, at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie NY 12601. The Confirmation Hearing may be continued from time to time by announcement in open Court or filed on the docket of this chapter 11 case.

5. <u>Discharge, Injunction, Exculpation, and Releases</u>.[1] The Plan contains the following discharge, injunction, exculpation, and release provisions:

<u>Discharge</u>. In the event this Plan is confirmed under Bankruptcy Code section 1191(a), as of the Effective Date, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in Bankruptcy Code section 1141(d)(1)(A), except that the Debtor will not be discharged of any debt imposed by this Plan.

In the event this Plan is confirmed under section 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan unless the Court grants a discharge on completion of all payments due under this Plan, or as otherwise provided in Bankruptcy Code section 1192.

<u>Releases by the Debtor</u>. Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, each of (i) the Debtor's current and former officers, directors, principals, members, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents, and other representatives of the Debtor, in each case solely in their capacity as such and (ii) the Parent, its affiliates, and the current and former officers, directors, principals, members, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents, and other representatives of the Parent, in each case solely in their capacity as such, are deemed released and discharged by the Debtor and its Estate from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising in law, equity or otherwise that the Debtor or its Estate would have been legally entitled to assert in their own right or on behalf of the holder of any Claim or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the Plan, the negotiation, formulation or preparation of the Plan, the Plan Supplement, or related agreements, instruments, or other documents in connection with the transactions contemplated under the Plan, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; *provided* that nothing in the Plan, including this paragraph shall release (i) any obligations under the Plan or the Plan Supplement; or (ii) any acts constituting willful

---

[1] Capitalized terms not otherwise defined in this notice shall have the meaning ascribed to them in the Plan.

2

misconduct, gross negligence, intentional fraud or criminal conduct as determined by a Final Order.

**Releases by Holders of Claims.** As of the Effective Date, except as otherwise provided in the Plan, all Persons who have held, hold, or may hold Claims, Interests, causes of action, or liabilities that are subject to compromise and settlement pursuant to the terms of the Plan or are otherwise discharged, satisfied, stayed or terminated pursuant to the Plan are deemed to have released the Debtor, Reorganized Debtor, the Estate and each of their affiliates, current and former officers, directors, principals, members, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents, and other representatives (collectively, the "**Released Parties**"), from any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any direct claims held by any such Person against each Released Party or derivative claims asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that each such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor or its affiliates, the Debtor's restructuring, the Chapter 11 Case, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any such Person, the restructuring of Claims and Interests before or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Confirmation Order, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtor taking place on or before the Effective Date; *provided* that, notwithstanding anything to the contrary in the foregoing, nothing in the Plan, including this paragraph shall release (i) any obligations under the Plan or the Plan Supplement; or (ii) any acts constituting willful misconduct, gross negligence, intentional fraud or criminal conduct as determined by a Final Order.

**Injunction.**

1. **Generally. Except as provided in the Plan or the Confirmation Order, as of the Confirmation Date, all entities that have held, currently hold, or may hold a Claim that is unclassified by the Plan or that is classified by Article III of the Plan or that is subject to a distribution under the Plan, or an Interest or other right of an equity holder, are permanently enjoined from taking any of the following actions on account of any such Claims or Interests or rights: (i) commencing or continuing in any manner any action or other proceeding against any property to be distributed under the Plan; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against any property to be distributed under the Plan; (iii) creating, perfecting, or enforcing any lien or encumbrance against any property to be distributed under the Plan; and (iv) commencing or continuing any action, in**

3

       **any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.**

2. Limited Scope. Nothing in this Plan: (i) extinguishes, prohibits, or otherwise limits the right of any holder of a Claim to assert a right to setoff or recoupment arising in connection with that Claim as part of the resolution and treatment of that Claim under the Plan; (ii) extinguishes, prohibits, or otherwise limits the right of the Estate or Reorganized Debtor to assert and prevail on any Cause of Action; (iii) enjoins or otherwise precludes any party-in-interest from enforcing the terms of the Plan and the Confirmation Order.

       <u>**Exculpation**</u>**. The Exculpated Parties shall not have any liability to any holder of a Claim or Interest for any claims or Litigation Claims arising before, on or after the Petition Date and prior to or on the Effective Date for any act or omission in connection with, related to, or arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence. In all respects, the Exculpated Parties are entitled to rely on the advice of counsel with respect to their duties and responsibilities under the Plan.**

6.    <u>Assumption of Executory Contracts and Unexpired Leases</u>. **The plan provides for the assumption of each Executory Contract and Unexpired Lease** pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless any such Executory Contract or Unexpired Lease: (1) was assumed or rejected previously by the Debtor; (2) expired or terminated pursuant to its own terms before the Effective Date; or (3) is the subject of a motion to reject pending on the Confirmation Date. Entry of the Confirmation Order shall constitute a Final Order approving the assumptions or rejections of such Executory Contracts or Unexpired Leases as set forth in the Plan, all pursuant to sections 365(a) and 1123 of the Bankruptcy Code. The Debtor proposes to file a Cure Schedule on or before the date that is fifteen (15) days prior to the Confirmation Hearing. **For the avoidance of doubt, if an Executory Contract or Unexpired Lease between the Debtor and any non-Debtor counterparty is not listed on the Cure Schedule as an assumed Executory Contract or Unexpired Lease with a proposed Cure amount, then the Debtor intends to assume such Executory Contract and asserts that the Cure amount for such Executory Contract or Unexpired Lease is $0.00.**

7.    <u>Court Filings</u>. Copies of the Plan and all other documents filed with the Court in this chapter 11 case may be viewed free of charge on the restructuring website maintained by the Debtor, https://cases.stretto.com/desigual.

8.    <u>Plan is Binding</u>. If confirmed, the Plan shall bind all holders of claims and equity interests to the maximum extent permitted by applicable law, whether or not such holder will receive or retain any property under the Plan, has filed a proof of claim against any of the Debtors, or failed to vote to accept or reject the Plan, or voted to reject the Plan.

| | |
|---|---|
| Dated: New York, NY<br>September 23, 2020 | **ARENT FOX LLP**<br><br>By:   */s/ George P. Angelich*<br>     George P. Angelich<br>     1301 Avenue of the Americas, Floor 42<br>     New York, New York 10019<br>     Telephone: (212) 484-3900<br>     Facsimile: (212) 484-3990<br>     Email: george.angelich@arentfox.com<br><br>     -and-<br><br>     M. Douglas Flahaut (*admitted pro hac vice*)<br>     Annie Y. Stoops (*admitted pro hac vice*)<br>     Arent Fox LLP<br>     Gas Company Tower<br>     555 West Fifth Street, 48th Floor<br>     Los Angeles, CA 90013<br>     Telephone: (213) 629-7400<br>     Facsimile: (213) 629-7401<br>     Email: douglas.flahaut@arentfox.com<br>           annie.stoops@arentfox.com<br><br>     *Counsel to the Debtor and Debtor-in-Possession* |