**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NTS W. USA CORP., A DELAWARE CORPORATION, | Case No. 20-35769 (CGM) |
| Debtor. | Related Docket No.: 71 |

**ORDER (I) AUTHORIZING (A) REJECTION OF A CERTAIN
UNEXPIRED LEASE EFFECTIVE AS OF THE REJECTION DATE
AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY
RELATED THERETO, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[3] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (the "Order") (a) authorizing DUSA to reject the unexpired lease for nonresidential real property, located at 1330 Broadway, a/k/a 76 West 35th Street, a/k/a 958 Sixth Avenue, New York, New York ("Premises"), including any guaranties thereof and any amendments, modifications, or subleases thereto (collectively, the "Leases"); (b) authorizing the abandonment of certain equipment, fixtures, furniture, or other personal property that may be located at the Premises and not otherwise transferred by DUSA (collectively, the "Personal Property"), both rejection of Lease and abandonment of Personal Property to be effective as of the date DUSA has surrendered the Premises to the landlord via delivery of keys, key codes, and/or alarm codes or, alternatively, providing notice that the landlord may re-let the Premises (the "Rejection Date"); and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York* dated February 1, 2012; and this Court having found that venue of this proceeding and

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

AFDOCS/22802446.1

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code, DUSA is authorized to reject the Lease effective as of the Rejection Date.

3. All claims for damages arising as a result of the rejection of the Lease must be filed on or before the later of (a) the date that is thirty (30) days after entry of this Order and (b) September 18, 2020 in a form and manner consistent with the requirements of the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 38].

4. Pursuant to section 554(a) of the Bankruptcy Code, DUSA is authorized, but not directed, to abandon any Personal Property located at the Premises to the Landlord for the Lease free and clear of all liens, claims, encumbrances, interests, and rights of third parties.  The Landlord may dispose of such Personal Property without liability or further notice to DUSA or any third party claiming an interest in such abandoned Personal Property.

5. Nothing herein shall prejudice the rights of DUSA to argue that the Lease was terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Lease is limited to the remedies available under any applicable termination provision of such Lease, or that any such claim is an obligation of a third party and not of DUSA or its estate.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on DUSA's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law, (b) a promise to pay any claim or other obligation, (c) granting third-party-beneficiary status or bestowing any additional rights on any third party, (d) being otherwise enforceable by any third-party, or (e) otherwise prejudicial to DUSA's rights to contest any amounts owed in connection with the obligations discussed herein.

7. DUSA shall serve a copy of this Order on the Landlord and/or its attorneys (if known) within three (3) business days of entry of this Order.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. DUSA is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

[*continues on following page*]

11. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #



**Dated: September 28, 2020**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

AFDOCS/22802446.1