**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| NTS W. USA CORP., A DELAWARE CORPORATION, | : | Case No. 20-35769 (CGM) |
| | : | |
| Debtor. | : | Related Docket No.: 89 |
| | : | |

**ORDER (I) AUTHORIZING (A) REJECTION OF A CERTAIN**
**UNEXPIRED LEASE EFFECTIVE AS OF THE REJECTION DATE**
**AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor" or "DUSA") for entry of an order (the "Order") (a) authorizing DUSA to reject the unexpired lease, including any guaranties thereof and any amendments modifications, or subleases thereto for portions of the ground floor, cellar, and second floor of a building, located at 605 Fifth Avenue, New York, New York ("Premises"), as of September 1, 2020, the rent date of the first month where rent has not been fully prepaid and (b) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York* dated February 1, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, the supporting declaration of Brian Ryniker, and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code, the Court approves the rejection, effective as of September 4, 2020, of that certain Store Lease, dated as of January 17, 2020, between 605 Fifth Property Owner, LLC and DUSA, and any amendments or modifications thereto (the "Lease") and confirms that *605 Fifth Property Owner, LLC* has possession of the Premises and that DUSA has no rights or interests thereto.

3. Nothing herein shall be deemed to reject any contract between the Landlord and a non-debtor 3rd party, including but not limited to any asserted guaranty of the Lease by any non-debtor party.

4. All claims for damages arising as a result of the rejection of the Lease must be filed on or before the date that is thirty (30) days after entry of this Order in a form and manner consistent with the requirements of the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 38].

5. Nothing in this order shall be construed as an admission as to the validity or enforceability of the Lease and shall not be used to contest any claim asserted by DUSA in the adversary proceeding entitled, *NTS W. USA Corp. v. 605 Fifth Property Owner, LLC* (Case No. 20-09035-cgm) or any appeal therefrom (the "Appeal").

6. Nothing herein shall prejudice the rights of DUSA to argue in the Appeal that the Lease was terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Lease is limited to the remedies available under any applicable termination provision of such Lease, or that any such claim is an obligation of a third party and not of DUSA or its estate.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or character

2

of any claim or other asserted right or obligation, or a waiver or other limitation on DUSA's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law, (b) a promise to pay any claim or other obligation, (c) granting third-party-beneficiary status or bestowing any additional rights on any third party, (d) being otherwise enforceable by any third-party, or (e) otherwise prejudicial to DUSA's rights to contest any amounts owed in connection with the obligations discussed herein.

8. DUSA shall serve a copy of this Order on the Landlord and/or its attorneys (if known) within three (3) business days of entry of this Order.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. DUSA is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### #



**Dated: October 7, 2020**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**